BECKER, Judge.
Defendants, the City of New Orleans, James Keen, and James Pollard appeal the trial court’s judgment awarding plaintiff $3,500.00 in damages. Plaintiff initiated this litigation after he was allegedly hit by a police vehicle while being arrested. Plaintiff named as defendants the officers who had taken him into custody, James Keen and Vincent Tumminello, as well as the officers in the police car which allegedly struck him, James Pollard and Calvin Wilson. Also included as defendants were the City of New Orleans, as the employer of the officers named, and Charles C. Foti, Jr. in his capacity as Criminal Sheriff for the Parish of Orleans.
At the trial of the matter, the trial judge, upon motion of the defendants, directed verdicts in favor of defendants Vincent Tumminello, Calvin Wilson, and Charles C. Foti, Jr. in his capacity as Criminal Sheriff of Orleans Parish. Judgment was rendered against defendants, the City of New Orleans, James Keen and James Pollard, awarding plaintiff $3,500.00 in damages.
Defendants, the City of New Orleans, James Keen and James Pollard, now appeal assigning three specifications of error:
1) The findings of the trial court were manifestly erroneous because plaintiff failed to prove that the injury which he sustained could have been caused in the manner which he alleged;
*1002 2) The trial judge erred in granting plaintiffs motion for a new trial; and
3) The trial judge erred in denying defendant’s exception of prescription.
On May 11, 1983, near the intersection of Erato and Dryades Street, plaintiff, Elgin McElveen, was detained and arrested by Officer James Keen of the New Orleans Police Department for possession of narcotics. While being detained, plaintiff alleges that his knee was injured when he was struck by a police vehicle being driven by Officer James Pollard. However, these allegations were disputed by defendants who testified at trial that if plaintiff was injured at all, the injury occurred as a result of a scuffle which took place when plaintiff attempted to avoid arrest.
Suit was instituted on May 11, 1984. In March of 1986, the Honorable Yada Magee, original counsel for plaintiff, took the bench as a judge in the Civil District Court for the Parish of Orleans. The trial court set this matter for trial for May 7, 1987. When the trial date arrived, it was discovered that Judge Magee had never withdrawn as counsel of record. Further, plaintiff did not appear for trial. Later it was discovered that plaintiff was still incarcerated in Orleans Parish Prison. The trial court, on the same day, granted defendants a judgment of dismissal which dismissed plaintiffs case without prejudice and ordered that upon plaintiff’s failure to prosecute the action within thirty days, plaintiff’s suit would be dismissed with prejudice at his own costs.
Later that same day at 4:59 p.m., plaintiff’s present counsel filed a motion to enroll as counsel of record. Plaintiff’s counsel also filed two motions for a new trial, one requiring a contradictory hearing and one ex-parte. The trial court granted the ex-parte motion for a new trial on May 8, 1987.
Defendants James Keen, Vincent Tummi-nello and the City of New Orleans filed a peremptory exception of prescription on June 9, 1987, arguing that plaintiff’s failure to appear at trial cancelled the interruption of prescription which arose from the filing of the original suit. The trial court, on September 18,1987, denied defendants’ exception. A judge trial on this matter was held on May 4th and 5th, 1988. Defendants, Calvin Wilson, Vincent Tummi-nello, and Charles C. Foti, Jr. were dismissed after motions for directed verdict were made at the close of plaintiff’s case. At the conclusion of the trial, judgment was rendered in favor of plaintiff and against defendants, the City of New Orleans, James Pollard and James Keen, in solido, in the amount of $3,500.00.
In its reasons for judgment the trial court found that the plaintiff suffered an aggravation to a previously existing torn meniscus of the left knee. The trial court further concluded that this injury was sustained as a result of the alleged vehicular accident. A review of the trial transcript reveals that the judgment of the trial court is clearly wrong. We find that the plaintiff has failed to meet his burden of proving causation in this matter. Considering the conflict of testimony as to how the injury did occur we will accept the trial court’s finding that the police vehicle struck the plaintiff while he was being detained. It should be noted that, at trial, the plaintiff did not produce any corroborating witnesses to testify to his version of the facts. The four police officers each testified that plaintiff was not injured as a result of a police vehicle striking him. All four officers testified at trial that if plaintiff had been injured, it may have occurred while Officer Keen struggled to detain and handcuff plaintiff. We will accept the trial court’s assessment of credibility of the plaintiff versus the police officers in this matter. Even so, we find that the trial court committed manifest error in finding that the plaintiff met his burden in proving causation.
The plaintiff in an negligence action has the burden of proving by a preponderance of the evidence every element of the cause of action. This burden includes proving that the damages sustained were caused by the fault of the defendants. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971); Walker v. Marcev, 427 So.2d 678 (La.App. 4th Cir.1983), writ denied, 433 So.2d 182 (1983). In the case at bar, plain *1003 tiff produced no medical testimony that the injury he sustained was more probably than not caused by a vehicle striking him. In fact, plaintiff did not produce any expert medical testimony. The only medical evidence presented by plaintiff were his records from Charity Hospital showing treatment for a torn meniscus of the left knee.
The only physician to testify at the trial was defendant’s expert, Dr. Joseph T. Williams. After a review of the plaintiff’s medical record, Dr. Williams determined that plaintiff had suffered an isolated meniscus tear of the left knee. Dr. Williams noted that the medical records revealed that there was blood in plaintiff’s knee, which is indicative of a fresh injury. Dr. Williams testified that since plaintiff had suffered an isolated tear of the meniscus, then the torn meniscus had to be the fresh injury causing the blood in the knee. Thus, the trial judge’s determination that plaintiff suffered an aggravation of a pre-exist-ing injury is clearly wrong in light of the evidence presented.
A further review of Dr. Williams’ testimony reveals that no where did Dr. Williams suggest that plaintiff’s injury was more probably than not caused by a vehicle striking the plaintiff. In fact, defendant’s expert stated very succinctly that a blow to the knee as alleged by the plaintiff would result in multiple trauma to the knee. Some other structure in the knee would have been torn and/or bruised. In light of the medical evidence presented, we can not say that the trial court did not commit error in its judgment.
An appellate court may not disturb the factual findings of the trier of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In reviewing the factual findings of the trial court, an appellate court must determine whether there is a reasonable basis for the trial court’s findings and whether the record establishes that the findings are not clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987); Arceneaux, supra.
Accordingly, if an appellate court concludes that the trial court’s factual findings are clearly wrong, the mere fact that some evidence appears in the record which would furnish a reasonable factual basis for the contested findings does not require affirmance. Mart, supra; Davis v. Owen, 368 So.2d 1052 (La.1979). Although an appellate court must accord great weight to the factual findings of the trial judge, these same courts have a duty to determine if the fact finder was justified in his conclusions. See, e.g. Parker v. Rhodes, 260 So.2d 706 (La.App. 2nd Cir.1971). An appellate court is not required, because of the foregoing principles of appellate review, to affirm a trier of fact’s refusal to accept as credible uncontradicted testimony or greatly preponderant objectively corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles. Mart, supra; West v. Bayou Vista Marine, 371 So.2d 1146 (La.1979).
In the present case the trial court’s findings are clearly inconsistent with the medical evidence presented. There is no reasonable basis for the trial court to have concluded that plaintiff met his burden of proving causation. The plaintiff failed to produce any medical evidence to prove by a preponderance of the evidence that his injury, an isolated tear of the meniscus, was caused by the police vehicle striking him. The only medical evidence presented clearly rebuts plaintiff’s theory on causation. Thus, we must hold that the trial court’s finding of causation is clearly wrong.
As we find merit to appellants’ first assignment of error and reverse the judgment against defendants, there is no need to discuss appellants’ other two assignments of error.
Accordingly, the judgment of the trial court is hereby reversed. Plaintiff’s cause of action against defendants, the City of New Orleans, James Keen and James Pollard, is hereby dismissed. All costs' are assessed against plaintiff/appellee.
REVERSED.